ANGELA NEGRÓN MUÑOZ, PRESIDENTA DE LA SOCIEDAD PARA LA PROTECCIÓN Y DEFENSA DEL NIÑO, demandante, v. ANDRÉS A. LUGO, ALCAIDE DE LA CÁRCEL DE DISTRITO DE SAN JUAN, PUERTO RICO, demandado.

Núm. 409.—*Sometido:* Febrero 5, 1942. *Resuelto:* Febrero 9, 1942.

*Santos P. Amadeo* y *Ernesto Juan Fonfrías,* abogados de la demandante.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Los hechos esenciales alegados en la petición que se nos hace para que libremos un auto de hábeas corpus en este caso, son los siguientes:

Que en agosto 25 de 1940 el menor Celedonio Rivera, de 15 años de edad, agredió con una navajita "gem" a otro menor mayor que él mientras ambos estaban peleando; que el Fiscal de la Corte de Distrito de Bayamón, actuando como Oficial Procurador *(Probation Officer)* de dicha corte, después de realizar una investigación de los hechos, puso al menor bajo la custodia de sus padres con la condición de que se entrevistara cada ocho días con el Juez de Paz del pueblo de Dorado; que en enero 17 de 1942 la Corte Juvenil del Distrito Judicial de Bayamón, sin que hubiera motivo para ello pues el menor Celedonio Rivera no había cometido ningún otro acto de delincuencia juvenil, declaró a dicho menor niño delincuente y sin el consentimiento de su padre ordenó su reclusión en la Escuela Industrial Reformatoria de Mayagüez hasta que cumpliera 19 años de edad; que el menor está recluído provisionalmente en la Galera de Menores de la Cárcel de Distrito de San Juan bajo la dirección del demandado hasta que se pueda conseguir sitio en la Escuela Indus-

trial Reformatoria de Mayagüez; que la resolución de la Corte Juvenil de Bayamón fué dictada sin que el juez hubiera tomado en consideración que el menor no era un niño abandonado, no había vuelto a delinquir después que la corte lo puso bajo la custodia de su padre y estaba observando buena conducta cuando la corte dictó dicha resolución; que antes y después de agosto 25 de 1940, el padre del menor lo cuidaba como un buen padre de familia y le proporcionaba todas sus necesidades de acuerdo con sus medios económicos, siendo el padre un hombre honrado, trabajador, moral y sin antecedentes penales.

Se alega que la Corte Juvenil de Bayamón se excedió en el ejercicio de su jurisdicción y que su resolución en el mencionado caso es nula e ineficaz por dos razones, a saber:

"(a) Porque la resolución de la Hon. Corte Juvenil del Distrito Judicial de Bayamón, Puerto Rico, ordenando la reclusión del menor Celedonio Rivera en la Escuela Industrial Reformatoria de Mayagüez, Puerto Rico, privándole al padre de dicho menor de su patria potestad sin su consentimiento, constituyó un ejercicio arbitrario, irrazonable e ilegal del poder de 'parens patriae'.

"(b) Porque la resolución recluyendo a dicho menor en la Escuela Industrial Reformatoria de Mayagüez, Puerto Rico, es contraria a su bienestar, y dicho menor debe estar bajo la custodia de su padre mientras éste cumpla sus deberes con él, y mientras dicho menor no constituya un peligro social, en vez de estar bajo la custodia del director de la Escuela Industrial Reformatoria de Mayagüez, Puerto Rico."

Se hace además una alegación general de que todo lo anteriormente consignado ha sido hecho en violación a los artículos 25 y 33 de la Ley de Cortes Juveniles, y de los artículos 152, 153 y 166 del Código Civil vigente, así como en violación de la política pública establecida en la ley de las cortes juveniles y de los principios y normas de la ciencia penal contemporánea relacionada con la prevención y tratamiento de la delicuencia juvenil. En la súplica se nos pide no sólo que anulemos la resolución dictada por la Corte Juvenil de Bayamón, sino que además le ordenemos que en-

tregue la custodia del menor a su padre Víctor Benítez mientras observe buena conducta.

Por último se aducen varias razones para invocar la jurisdicción original de esta Corte sobre las cuales no consideramos necesario pasar debido a la conclusión a que hemos llegado de que la petición no aduce hechos suficientes que justifiquen la expedición del auto solicitado.

■■■ En primer término resalta el hecho de que fué el Fiscal de la Corte de Distrito de Bayamón, quien actuando como Oficial Procurador de la Corte Juvenil, después de haber hecho una investigación de los hechos, puso al menor Celedonio Rivera bajo la custodia de sus padres, bajo ciertas condiciones. Esta actuación de dicho funcionario sin intervención del Juez de la Corte Juvenil, no está autorizada por la Ley núm. 37 "para establecer un sistema de cortes para niños, proveer lo necesario para atender a niños abandonados y delincuentes, y disponer el procedimiento. para la delincuencia infantil y para otros fines", aprobada el 11 de marzo de 1915 (leyes de 1915, pág. 73). La sección 5 de esta ley dispone que "los fiscales de las cortes de distrito y jueces de las cortes municipales actuarán y servirán de oficiales procuradores *(probation officers)* de la corte para niños en sus distritos respectivos, y desempeñarán los deberes que más adelante se especifican en la presente, en sus respectivos distritos municipales"; la sección 10 especifica que los oficiales procuradores quedan revestidos de facultad bastante para hacer arrestos, presentar denuncias y procesar a cualquier persona comprendida en las disposiciones de la ley; por la sección 11 se especifica que será deber del fiscal de distrito, cuando actuare de oficial procurador comparecer ante la corte para niños para procesar o celebrar cualquier vista o juicio en que estuviere actuando el oficial procurador; y por último en la sección 13 se provee que cuando quiera que un niño fuese puesto bajo la custodia de un Oficial Procurador quedará éste obligado a someter el caso a la corte que corresponda, llevar el niño a presencia de dicha corte, y en tales casos la corte

podrá proceder a la celebración del juicio del mismo modo que si el niño hubiera sido llevado a petición de parte, según se dispone en la misma ley.

En ninguna de estas disposiciones encontramos autoridad conferida al Oficial Procurador para que entregue, con carácter permanente, la custodia de un niño que ha cometido una delincuencia, a sus padres, sin la intervención de la corte. Por el contrario, la sección 20 le reconoce esta facultad a la corte cuando dispone lo siguiente:

"La Corte podrá transferir la vista de cualquier caso para cualquier fecha y podrá en tanto colocar al niño bajo la custodia del oficial procurador u otra persona de buena reputación o en una institución pública o privada protectora de niños o podrá la Corte dejar que el niño permanezca en el hogar, si lo tuviere, o depositarlo en la casa de una familia dispuesta a recibirlo, quedando sujeto en todo caso, a la inspección amistosa y visita del oficial procurador en la forma en que dispusiere la Corte."

De manera que la actuación del fiscal de la corte inferior entregando el menor a sus padres, no constituyó una resolución definitiva del caso y al ser llamado éste para vista por la Corte Juvenil, lo hizo en ejercicio de su jurisdicción. [3] La alegación que se hace de que la resolución es nula porque al ordenar la reclusión del menor en la Escuela Industrial Reformatoria de Mayagüez se privó al padre de su patria potestad sin su consentimiento, es completamente frívola.

La sección 33 de la ley según fué enmendada por la ley núm. 10 aprobada el 6 de abril de 1916 (Leyes de 1916, pág. 43), dispone, en parte, lo siguiente:

"Esta ley deberá interpretarse liberalmente con el fin de que se haga posible llevar a cabo sus propósitos, siendo éstos la protección y el bienestar del niño y proporcionarle los medios para corregirse, educarse y vivir como ciudadano respetuoso de la ley.

"Los procedimientos y sentencias determinados en esta ley sólo implicarán el ejercicio de una eminente patria potestad, por parte de El Pueblo de Puerto Rico, con respecto a los niños, contra quienes no establecerá precedente alguno de criminalidad."

Las cortes para niños al aplicar estos preceptos no tienen que obtener el consentimiento de los padres para privarles, temporalmente, de la custodia del hijo. La resolución dictada implica el ejercicio de una eminente patria potestad de El Pueblo de Puerto Rico que es superior a la de los padres. Los artículos 152, 153 y 166 del Código Civil citados en la petición, que tratan sobre la patria potestad de los padres y de los casos en que los tribunales podrán privarles de la misma, no tienen aplicación alguna a los hechos del caso de autos. La corte inferior, después de ver el caso resolvió, dentro de su discreción, que el bienestar del niño Celedonio Rivera exigía su reclusión en la Escuela Industrial Reformatoria de Mayagüez. Resoluciones de esta naturaleza no son revisables ante esta corte a través de un auto de hábeas corpus, ya que la ley en su sección 18 provee que de la resolución o sentencia final dictada por una corte juvenil contra cualquier persona, podrá apelarse para ante el Tribunal Supremo de Puerto Rico, y que tal apelación podrá interponerse a nombre del niño, por su padre, tutor o procurador, o por cualquier pariente de dicho niño dentro del tercer grado de consanguinidad.

*Por las razones expuestas, no ha lugar a expedir el auto solicitado.*