Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| ANDRÉS JOSÉ LUGO RIVERA<br><br>Apelante<br><br>v.<br><br>SYLMARIE GONZÁLEZ RODRÍGUEZ<br><br>Apelada | KLAN202300868[2] | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm. AG2022RF00055<br><br>Sobre: Divorcio (R.I.) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Pagán Ocasio y la Juez Barresi Ramos

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

## I.

El 28 de septiembre de 2023, el señor Andrés José Lugo Rivera (señor Lugo Rivera o apelante) presentó una *Apelación civil* en la que solicitó que revoquemos una *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI) el 10 de agosto de 2023.[3] En su dictamen, el TPI autorizó la matrícula de una menor, producto del matrimonio entre el señor Lugo Rivera y la señora Sylmarie González Rodríguez (señora González Rodríguez o parte apelada), en una escuela privada ubicada en el Municipio de Aguadilla distinta a la institución educativa pública, situada en el Municipio de Aguada, propuesta por el apelante dentro de un pleito de divorcio, relaciones paternofiliales, custodia y otros. Resolvió el foro recurrido que dicha institución educativa ofrece los servicios

---

[1] Ver Orden Administrativa OAJP-2021-86 del 4 de noviembre de 2021.
[2] Relacionado con: KLCE202201277, KLAN202200441, KLAN202200991 y KLAN202300418.
[3] Apéndice de la *Apelación civil*, págs. 67-70.

académicos conforme al grado de kínder que la niña requiere y merece.

El mismo día, el apelante radicó una *Moción urgente para que se autorice transcripción* en la que solicitó que se autorizara la transcripción de la prueba oral de una vista celebrada por el foro primario el 8 de agosto de 2023 y que se ordenara al TPI a entregar la regrabación solicitada.

El 4 de octubre de 2023, emitimos una *Resolución* en la que autorizamos la presentación de la transcripción como método de reproducción de la prueba oral y ordenamos a la parte apelante al cumplimiento con las Reglas 21, 22 y 76.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 21, 22 & 76.1.

El 1 de noviembre de 2023, el señor Lugo Rivera presentó una *Moción para informar sobre decisión del TPI posterior a la presentación de este recurso que incide sobre la controversia en este caso* en la que informó a esta Curia sobre una *Sentencia* dictada por el foro primario el 5 de octubre de 2023 en la que autorizó la custodia compartida de la menor en tiempo igual. Según esbozó, dicha decisión incidió sobre varias controversias objeto del presente recurso.

Ese mismo día, radicó una *Moción en cumplimiento para presentar transcripción estipulada* en la que sometió la transcripción de la vista según solicitado.

El 2 de noviembre de 2023, emitimos una *Resolución* en la que acogimos la Transcripción Estipulada de la Prueba Oral y le concedimos a la parte apelante un plazo de treinta (30) días para presentar un alegato suplementario. Asimismo, expresamos que una vez radicado dicho alegato, entonces la parte apelada tendría treinta (30) días para someter su alegato en oposición a la *Apelación.*

El 30 de noviembre de 2023, la señora González Rodríguez radicó un *Alegato* en el que, en síntesis, se opuso a la revocación de la *Sentencia* apelada.

El 4 de diciembre de 2023, emitimos una *Resolución* en la que nos dimos por enterados del cumplimiento de la parte apelada.

Transcurrido el término provisto a la parte apelante para la presentación de un *Alegato suplementario* sin que lo hiciera, damos por perfeccionado el recurso. En adelante, pormenorizaremos los hechos procesales atinentes al caso de autos.

**II.**

El caso de marras tiene su génesis el 27 de enero de 2022, día en que el señor Lugo Rivera radicó una *Petición individual de divorcio por ruptura irreparable de los nexos de convivencia matrimonial*.[4] El 8 de marzo de 2022, la señora González Rodríguez presentó una *Contestación a demanda*.[5]

Luego de múltiples trámites procesales, los cuales incluyeron cuatro casos ante este Tribunal de Apelaciones,[6] el 9 de mayo de 2023, el señor Lugo Rivera radicó una *Moción urgente en cuanto a ingreso de la menor a la escuela* en la que solicitó al TPI que autorizara la matrícula de la menor en una escuela bilingüe del Municipio de Aguada, así como la inclusión del padre en las responsabilidades de transporte de esta entre la institución y su hogar.[7] Según la moción, la escuela se ubicaba a dos minutos de la residencia de la menor y a doce (12) minutos de la residencia del apelante. Por ello, planteó que podría asumir la responsabilidad de transporte de la menor. Asimismo, añadió que trabajó en la escuela por cerca de un año. A su vez, manifestó que la señora González

---

[4] Entrada Núm. 1 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Entrada Núm. 20 del expediente digital del caso en el SUMAC.
[6] Refiérase a las sentencias emitidas por este Panel en el KLAN202200441 y el KLAN202300418 para una revisión de los demás hechos procesales de este caso.
[7] Apéndice de la *Apelación civil*, págs. 1-3.

Rodríguez se opuso a la escuela por entender que no cumplía con sus expectativas y por preferir opciones con horario extendido debido a sus compromisos laborales, pese a la disponibilidad del apelante para transportar a la menor. Por último, denunció que la actitud de la madre en este caso no propendía al bienestar de la menor.

El 17 de mayo de 2023, la Trabajadora Social de la Unidad de Relaciones de Familia del TPI (Trabajadora Social) asignada al caso sometió un *Informe Social Complementario* en el que realizó recomendaciones sobre la custodia compartida de la menor, así como los aspectos educativos y de salud mental.[8] En lo pertinente, esbozó que la escuela propuesta por el señor Lugo Rivera era cercana tanto al hogar paterno como al materno, mientras que la institución propuesta por la señora González Rodríguez era cercana al lugar de trabajo de esta. En vista de ello, si se escogiera la escuela propuesta por el padre, sería necesario que el señor Lugo Rivera se responsabilizara por transportar a la menor. Según el informe, de optarse por esa opción, también se evitaría colocar a la menor en un cuido. Por lo anterior, recomendó que se pudiera considerar la escuela ubicada en el Municipio de Aguada si el apelante se comprometía a asumir la responsabilidad de buscar a la menor al salir de clases, acudir a la escuela de surgir alguna situación de emergencia y hacerse cargo del cuido de la menor hasta que la madre culminara su jornada laboral diaria.

Ese mismo día, el señor Lugo Rivera radicó una *Moción urgente para que se ordene a la demandada retirar la matrícula que hizo de la menor en kínder en violación al derecho de patria potestad del padre y sin autorización judicial* en la que planteó que la señora González Rodríguez matriculó a la menor en la escuela ubicada en

---

[8] Íd., págs. 11-32.

el Municipio de Aguadilla, sin el consentimiento del padre y a la espera de la decisión del foro primario respecto a la controversia.[9] Por ello, solicitó al TPI que ordenara a la parte apelada a retirar inmediatamente la matrícula de la menor.

Ese mismo día también, el TPI emitió una *Resolución sobre moción urgente* en la que recalcó que el asunto de la escuela en la que la menor sería matriculada era materia *sub judice*, por lo cual ninguna parte podía tomar una decisión unilateral sobre ello.[10]

El 31 de mayo de 2023, la señora González Rodríguez presentó una *Moción para cumplir orden* en la que se expresó sobre la *Moción urgente para que se ordene a la demandada retirar la matrícula que hizo de la menor en kínder en violación al derecho de patria potestad del padre y sin autorización judicial* en la que solicitó que se autorizara la matrícula de la menor en la escuela ubicada en el Municipio de Aguadilla.[11] A su entender, dicha institución educativa privada era la mejor opción para el bienestar de la menor porque: (1) se mantendría tanto la ruta actual de viaje de la menor como su rutina de horarios; (2) la localización de la misma cerca del lugar de empleo de la parte apelada le permitiría atender prontamente cualquier emergencia con la menor; (3) la escuela propuesta por el padre es una institución pública, por lo cual era conocido que ante ausencia de maestros, falta de personal, días de cierre temprano se podría afectar el tiempo lectivo de los menores y provocar que no se cubriera el currículum académico; y (4) según la situación de empleo descrita por el señor Lugo Rivera, de obtener un empleo, entonces no podría asumir la responsabilidad de transportar a la menor según propone y, por tanto, tendría que delegarla a otras personas. Además, defendió su decisión de matricular a la menor en la escuela

---

[9] Íd., págs. 7-9.
[10] Íd., pág. 10.
[11] Íd., págs. 36-39.

previo a una decisión final del foro primario sobre la controversia como un intento de asegurar el espacio debido a la cercanía del comienzo del semestre escolar.

Ese mismo día, radicó una *Moción para exponer posición con relación a informe forense* en la que se opuso al *Informe Social Complementario* y sus recomendaciones, haciendo hincapié en que la custodia compartida no beneficiaría a la menor.[12]

Ese mismo día también, el TPI emitió una *Resolución* en la que ordenó la celebración de una vista el 8 de agosto de 2023 para evaluar cuál escuela sería la mejor para el bienestar de la menor.[13] Asimismo, como medida provisional, ordenó la matrícula de la menor en la escuela ubicada en el Municipio de Aguadilla.

El 9 de junio de 2023, el apelante presentó una *Moción en solicitud de reconsideración en cuanto a la matrícula provisional de la menor en kínder* en la que solicitó que reconsiderara su determinación de permitir la matrícula provisional de la menor en la escuela propuesta por la parte apelada.[14] En contraste, solicitó al TPI que autorizara la matrícula provisional en la escuela que propuso él, así como la citación de la Trabajadora Social como testigo para la vista evidenciaria sobre la controversia de la institución educativa. Según adujo, la menor tomó los exámenes de admisión y fue aceptada en la escuela ubicada en el Municipio de Aguada, la cual, además, alegó que fue recomendada en el *Informe Social Complementario.*

Ese mismo día, el TPI emitió una *Resolución sobre Moción de reconsideración* en la que dispuso que la reconsideración sería atendida en la vista.[15]

---

[12] Íd., pág. 34.
[13] Íd., pág. 40.
[14] Íd., págs. 41-47.
[15] Íd., pág. 48.

El 12 de junio de 2023, el TPI emitió una *Resolución* en la que consolidó la vista señalada para la evaluación de la controversia sobre la escuela en la que la menor sería matriculada con otra vista señalada para el 21 de junio de 2023.[16]

El 16 de junio de 2023, el TPI emitió una *Orden* en la que ordenó la expedición de citaciones tanto a la Trabajadora Social como a la directora escolar de la escuela propuesta por el señor Lugo Rivera.[17]

El 21 de junio de 2023, el TPI celebró una vista en la que se evaluó una controversia respecto a las relaciones filiales durante el verano y la participación de la menor en un campamento de verano, lo cual quedó documentado en una *Minuta* transcrita ese mismo día.[18] Las partes tuvieron amplia oportunidad de desfilar prueba. A su vez, el foro primario señaló la continuación de la vista para el 8 de agosto de 2023.

El 8 de agosto de 2023, se celebró la continuación de la vista en la que declararon: la señora Carol Monroig (señora Monroig), asistente de directores de la escuela propuesta por la parte apelada; la señora González Rodríguez; la señora Ayxa I. Arroyo Badillo, la Trabajadora Social adscrita al caso; y el señor Lugo Rivera, lo cual quedó plasmado en una *Minuta* transcrita el 9 de agosto de 2023.[19] En dicha vista, la Trabajadora Social reiteró las recomendaciones incluidas en el *Informe Social Complementario,* a los efectos de que ambos padres se mantuvieran al tanto de las actividades escolares de la menor y la ayudaran a estudiar, así como que, contando con el compromiso de transportación del padre, se podría considerar la escuela propuesta por este. Asimismo, consignó que la funcionaria manifestó no haber investigado el ofrecimiento académico de cada

---

[16] Íd., pág. 52.
[17] Íd., pág. 56-57.
[18] Íd., págs. 61-62.
[19] Íd., págs. 63-64.

escuela. En ese momento, no testificó la directora escolar de la escuela propuesta por el apelante, pese a haber sido anunciada como testigo.

El 10 de agosto de 2023, el TPI emitió la *Resolución* apelada en la que autorizó la matrícula de la menor en la escuela privada propuesta por la señora González Rodríguez.[20] En el dictamen, concluyó que autorizar la propuesta del señor Lugo Rivera equivaldría a afectar o interferir con la custodia monoparental ostentada por la parte apelada. A su juicio, no se recibió evaluación, evidencia, informe social o peritaje que acreditara que la propuesta del apelante era buena para la menor, lo cual era acentuado por la falta de buena comunicación entre las partes. Asimismo, señaló que no se recibió prueba sobre el costo económico de las instituciones y que la escuela propuesta por el apelante está localizada más lejos del trabajo de la madre, lo cual mereció importancia debido a que esta era la responsable principal de la menor en asuntos escolares.

Sobre el testimonio vertido en las vistas, la *Resolución* consigna que la señora Monroig declaró sobre los servicios ofrecidos por la institución propuesta por la parte apelada, los cuales incluían enseñanza bilingüe, desarrollo de destrezas socioemocionales, servicio de desayuno y almuerzo, tres trabajadores sociales y una terapista, dos asistentes para el grado de kínder, placas solares que evitarían la interrupción de las clases por falta de energía eléctrica y facilidades de cuido hasta las 5:30 de la tarde, entre otras. Por otra parte, consignó que la señora González Rodríguez testificó que el cambio de escuela era necesario porque la institución en la que estaba la menor no ofrecía los grados de kínder, que matriculó a la menor de forma provisional para no perder el espacio, que evaluó varias escuelas y que determinó que la escuela ubicada en Aguadilla

---

[20] Íd., págs. 68-70.

era la mejor por su enseñanza bilingüe y cercanía a su lugar de empleo. Asimismo, señaló que no pudo ponerse de acuerdo con el apelante y expresó que, de suscitarse una emergencia, la escuela le quedaba a diez (10) o quince (15) minutos, mientras que la escuela propuesta por el apelante le queda a cuarenta y cinco (45) minutos. Por otro lado, la Trabajadora Social prestó testimonio sobre la recomendación condicionada de la escuela propuesta por el señor Lugo Rivera, indicó no haber realizado un estudio más profundo de las escuelas, pero manifestó que conocía ambas escuelas y que eran buenas. Por último, el señor Lugo Rivera declaró que la escuela que propuso contaba con dos guardias de seguridad, dos trabajadoras sociales y una sicóloga. Asimismo, expresó que estaba estudiando a tiempo completo, que podía transportar a la menor y que la menor tomó un examen de admisión en la escuela, pero admitió que no le informó a la parte apelada sobre ese hecho y el resultado del examen.

El 25 de agosto de 2023, el señor Lugo Rivera radicó una *Moción en solicitud de reconsideración y en solicitud de determinación de hechos adicio[nales] y enmiendas a determinaciones de hechos en cuanto a la matrícula de la menor en kínder* en la que planteó que el foro primario debía reformular sus determinaciones de hechos y reconsiderar su autorización a matricular la menor en la escuela propuesta por la madre.[21]

El 29 de agosto de 2023, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la reconsideración solicitada por el apelante.[22]

Inconforme, el 28 de septiembre de 2023, el señor Lugo Rivera presentó la *Apelación civil* de epígrafe y le imputó al foro primario la comisión del siguiente error:

---

[21] Íd., págs. 71-84.
[22] Íd., pág. 85.

EL [TPI] COMETIÓ UN ABUSO DE DISCRECIÓN CRASO AL PERMITIR LA MATRÍCULA DE LA MENOR EN KÍNDER EN UNA ESCUELA QUE NO ES LA QUE MEJOR PROPENDE A SU BIENESTAR CONFORME A LAS RECOMENDACIONES QUE REALIZÓ LA UNIDAD SOCIAL Y EN LA QUE SE MATRICULÓ EN CONTRAVENCIÓN AL DERECHO A LA PATRIA POTESTAD DEL PADRE, INCLUSO HACIENDO DETERMINACIONES QUE NO SE SUSTENTAN EN LA PRUEBA.

En apoyo de su contención, argumentó que la escuela sugerida por el padre respondía al mejor bienestar de la menor, lo cual alegó que fue reconocido en el *Informe Social Complementario* preparado por la Trabajadora Social.

A su entender, el foro primario se equivocó en sus determinaciones de hechos, basadas en el desfile de prueba, y, en cambio, debió concluir que:

(1) La Trabajadora Social se reafirmó en que la escuela propuesta por el padre respondía al mejor bienestar de la menor;

(2) La Trabajadora Social demostró que conocía perfectamente las escuelas, dado que expresó que había trabajado en la escuela propuesta por la señora González Rodríguez e iba todos los días a la escuela sugerida por el apelante;

(3) La parte apelada testificó que no visitó la escuela recomendada por el padre y que quedaba a dos minutos de su residencia;

(4) La parte apelada admitió que no pudo determinar si la escuela sugerida por el padre era mejor o peor que la institución propuesta por ella, que matriculó a la menor en la escuela sin autorización, que la escuela sugerida por ella tenía un sistema para ver las notas de la menor por vía electrónica, lo cual también existía en la escuela pública recomendada por el padre mediante el Sistema de Información Estudiantil;

(5) La señora Monroig no pudo precisar si las maestras de kínder estaban acreditadas y admitió que los maestros del sistema público debían tener licencias específicas para impartir lecciones a cada grado;

(6) La señora Monroig también admitió que el currículo de ambas escuelas eran el mismo, así como las actividades, y que seguían el calendario del Departamento de Educación;

(7) La señora Monroig declaró que la matrícula en la escuela propuesta por la madre estaba abierta durante todo el año.

(8) El señor Lugo Rivera testificó que trabajó en la escuela que proponía, que conocía a todo el personal, que era una escuela ejemplar y que contaba con una matrícula de quinientos (500) estudiantes y, por ello, la menor recibiría una educación centrada. Asimismo, destacó que los maestros tenían buena asistencia y que las instalaciones de la escuela eran buenas.

(9) El apelante expresó que la menor podría permanecer en dicha escuela hasta octavo grado, que la escuela estaba especializada en idiomas, que todas las clases se enseñaban en inglés, que los niños de grados

elementales estaban totalmente supervisados, que había seguridad, que tenía servicios de un psicólogo, dos trabajadoras sociales y enfermeras, que ofrecía desayuno y almuerzo y que tenía dos campamentos de verano.

(10) El apelante declaró que el horario de la escuela era de 7:30 en la mañana a 2:30 en la tarde, con posible extensión hasta las 5:30 de la tarde.

(11) El apelante expresó que la escuela estaba ubicada a dos minutos de la residencia de la señora González Rodríguez y a quince minutos de la residencia del apelante.

(12) El apelante reiteró su disponibilidad para asistir a las faenas escolares de la menor.

(13) No se pasó prueba alguna en la audiencia sobre la custodia monoparental y cómo se veía afectada su custodia según la escuela en que se matriculara la menor. Tampoco se consideró prueba sobre el costo de las instituciones.[23]

Por último, el apelante esbozó que el *Informe Social Complementario* admitido por el TPI reflejó que la escuela que propuso propendía al mejor bienestar de la menor, así como que contó con prueba de que hay comunicación entre las partes, debido a la coordinación habida entre ambas durante el verano.

El 1 de noviembre de 2023, el señor Lugo Rivera presentó una *Moción para informar sobre decisión del TPI posterior a la presentación de este recurso que incide sobre la controversia en este caso* en la que informó que, el 5 de octubre de 2023, el TPI emitió una *Sentencia* en la que concedió la custodia compartida de la menor en semanas alternas.[24] Según esbozó, el dictamen afectó la controversia ante esta Curia.

Ese mismo día, radicó una *Moción en cumplimiento para presentar transcripción estipulada* en la que sometió la transcripción de la vista según solicitado. El 2 de noviembre de 2023, emitimos una *Resolución* en la que acogimos la transcripción.

El 30 de noviembre de 2023, la señora González Rodríguez radicó un *Alegato* en el que esbozó que el recurso correcto para cuestionar la determinación del TPI era el *certiorari*, cuyos criterios

---

[23] Para un análisis literal de las determinaciones de hechos propuestas por el apelante, véase Apelación Civil, págs. 7-10, párrafos 24-38.

[24] Apéndice de la *Moción para informar sobre decisión del TPI posterior a la presentación de este recurso que incide sobre la controversia en este caso,* Anejo 1, págs. 1-19.

de expedición alegó que no se cumplían y, en consecuencia, planteó que no debía ser expedido. En la alternativa, argumentó que debía sostenerse la *Sentencia* apelada, puesto que revocarla sería perjudicial para la menor. Asimismo, adujo que el apelante no demostró que el TPI actuó con prejuicio, pasión o parcialidad. Por el contrario, arguyó que el foro primario basó su decisión en la prueba desfilada, la cual constituyó evidencia suficiente para demostrar que la escuela propuesta por ella propendía al mejor bienestar de la menor.

**III.**

**A.**

En nuestra jurisdicción, se ha reconocido que el derecho a la patria potestad es naturalmente inherente a los padres, representa un derecho fundamental de estos y es una función reconocida por el Estado en los padres, en beneficio de los menores. ***Torres, Ex parte***, 118 DPR 469, 472-473 (1987). Cuando se habla de patria potestad se refiere al conjunto de derechos y deberes que tienen los padres respecto a la persona y los bienes de sus hijos menores de edad no emancipados. ***Chévere v. Levis***, 150 DPR 525, 537 (2000); ***Torres, Ex parte***, supra, pág. 473. De esta forma, los padres con patria potestad tienen el derecho de tomar decisiones esenciales y primordiales en la vida de los hijos menores de edad, entre las cuales se encuentra su educación. ***Gil v. Marini***, 167 DPR 553, 568 (2006); ***Torres, Ex parte***, supra, pág. 475; véase Art. 2, Sec. 5, Const. ELA, LPRA, Tomo 1. Este último deber de educar quedó incluido también en el Art. 153 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. 601, así como en el Art. 590 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 7242.

Ahora bien, frente a estos derechos y deberes, se encuentra el ejercicio de *parens patriae* del Estado. En virtud de este, los tribunales estamos llamados a regirnos por el bienestar y los

mejores intereses de los menores al resolver controversias que versan sobre la patria potestad y la custodia de los menores. *Muñoz Sánchez v. Báez de Jesús*, 195 DPR 645, 651 (2016); *Rivera Ríos, Ex parte,* 173 DPR 678, 682 (2008). De esta forma, si un tribunal percibe un conflicto entre intereses ajenos y el mejor interés de un menor, debe resolver a favor del menor. Íd.; *Ortiz v. Meléndez,* 164 DPR 16, 28 (2005).

En adición, los intereses de los menores están revestidos de tal interés público que el Estado, en protección de dicho interés, tiene amplias facultades y discreción para actuar. *Rivera Ríos, Ex parte,* supra, págs. 682–683. Por ello, cuando los padres con patria potestad no pueden llegar a acuerdos respecto al menor, los tribunales tienen la facultad de adjudicar lo que proceda, puesto que "el ejercicio de una eminente patria potestad de El Pueblo de Puerto Rico es superior a la de los padres". *Rivera Ríos, Ex parte,* supra, pág. 682 (citando a *Negrón v. Lugo*, 59 DPR 870, 875 (1942)). No obstante, esta facultad no es absoluta ni le permite al tribunal obviar los mandatos claros de la ley y la doctrina. Íd.

### B.

Como regla general, los foros apelativos no debemos intervenir con las determinaciones de hechos de los tribunales de primera instancia, su apreciación sobre la credibilidad de los testigos y el valor probatorio conferido a la prueba presentada en sala. *González Rivera v. Robles Laracuente*, 203 DPR 645, 665 (2019) (Resolución), Opinión de Conformidad emitida por el Juez Asociado señor Feliberti Cintrón; *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770-771 (2013); *S.L.G. Rivera Carrasquillo v. A.A.A.*, 177 DPR 345, 356 (2009). Ello, salvo que se demuestre que el Tribunal de Primera Instancia incurrió en pasión, prejuicio, parcialidad o error manifiesto. Íd. Esta norma de deferencia judicial está apoyada en que la tarea de apreciación de la prueba testifical está llena de

elementos subjetivos y es el foro de primera instancia quien está en mejor posición para aquilatarla. **González Rivera v. Robles Laracuente,** supra; **Muñiz Noriega v. Muñiz Bonet**, 177 DPR 967, 986-987 (2010); **Dávila Nieves v. Meléndez Marín,** supra, pág. 771; **Argüello v. Argüello**, 155 DPR 62 (2001). Los foros apelativos solo contamos con *"récords mudos e inexpresivos"*. **González Rivera v. Robles Laracuente**, supra; **Trinidad v. Chade**, 153 DPR 280, 291 (2001) citando a **Pérez Cruz v. Hosp. La Concepción**, 115 DPR 721, 728 (1984). Por lo cual, las decisiones del tribunal de primera instancia están revestidas de una presunción de corrección. **López García v. López García**, 200 DPR 50 (2018); **Vargas Cobián v. González Rodríguez**, 149 DPR 859 (1999).

A tenor con ello, la Regla 42.2 de Procedimiento Civil, *supra,* R. 42.2, dispone que "[l]as determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de las personas testigos". Sólo podremos intervenir con estas conclusiones cuando la apreciación de la prueba no represente el balance más racional, justiciero y jurídico de la totalidad de la prueba. **González Hernández v. González Hernández**, 181 DPR 746 (2011). Por tal razón, se ha establecido que, en ausencia de prejuicio, parcialidad, error manifiesto o abuso de discreción, de ordinario, el pronunciamiento del tribunal de primera instancia será sostenido en toda su extensión por el tribunal intermedio. **Sucn. Rosado v. Acevedo Marrero**, 196 DPR 884 (2016); **Trans-Oceanic Life Ins. v. Oracle Corp.**, 184 DPR 689 (2012).

Al respecto, "[u]n tribunal puede incurrir en abuso de discreción cuando el juez ignora sin fundamento algún hecho material; cuando el juez le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho

irrelevante, o cuando este, a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable." ***Citibank et al. v. ACBI et al.***, 200 DPR 724 (2018); ***Pueblo v. Custodio Colón***, 192 DPR 567, 588-589 (2015). Por otra parte, el Tribunal Supremo en ***Pueblo v. Toro Martínez***, 200 DPR 834, 859 (2018), resolvió que:

> [...] un juzgador incurre en pasión, prejuicio o parcialidad si actúa "movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna". *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 782 (2013).
>
> Por otro lado, enunciamos que se consideran claramente erróneas las conclusiones del foro revisado "si de un análisis de la totalidad de la evidencia, este Tribunal queda convencido de que se cometió un error, [...] [porque] las conclusiones están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida". Íd., pág. 772, al citar a *Abudo Servera v. A.T.P.R.*, 105 DPR 728, 731 (1977).
>
> Es decir, consideramos que se incurre en un error manifiesto cuando "la apreciación de esa prueba se distancia de la realidad fáctica o es inherentemente imposible o increíble". *Pueblo v. Irizarry,* 156 DPR 780, 816 (2002).
>
> Este estándar de revisión, por ejemplo, restringe nuestra facultad para sustituir el criterio del foro primario a escenarios en que de la prueba admitida no exista base suficiente que apoye tal determinación. Íd.

Ahora bien, la alegación de una parte de que el foro primario cometió error no debe hacerse ligeramente. ***Dávila Nieves v. Meléndez Marín***, supra, pág. 775. Así pues, la parte que "señale que el juzgador actuó mediando pasión, prejuicio o parcialidad debe sustentar sus alegaciones con evidencia suficiente [...]." Íd. Es decir, quien impugne una sentencia o resolución deberá presentar evidencia sustancial que derrote la presunción de corrección que cobija la decisión del Tribunal de Primera Instancia. Esto es, evidencia que en una mente razonable pueda aceptarse como adecuada para sostener una conclusión. ***Vázquez Cintrón v. Banco Desarrollo***, 171 DPR 1, 25 (2007).

**IV.**

En el caso de marras, el TPI dictó una *Resolución* en la que autorizó la matrícula de la menor, hija de las partes, en una escuela privada que radica en el Municipio de Aguadilla, la cual fue propuesta por la señora González Rodríguez. A juicio del foro primario, la institución educativa propendía al mejor bienestar de la menor y, a su vez, consignó que no recibió prueba respecto a la conveniencia de la escuela promovida por el apelante.

En oposición, el señor Lugo Rivera adujo que el TPI abusó de su discreción, que la escuela propuesta por él respondía al mejor bienestar de la menor y que así lo consignó un *Informe Social Complementario* preparado por la Trabajadora Social adscrita al caso. Asimismo, arguyó que mediante su propio testimonio y el de la Trabajadora Social arrojó suficiente prueba para determinar que dicha escuela era preferible.

En contraste, la señora González Rodríguez argumentó dos posiciones: (1) que el recurso correcto para cuestionar la determinación del TPI era el *certiorari*, que los criterios para su expedición no se cumplían y que, por lo tanto, procedía denegar su expedición; y (2) que no procedía revocar la *Sentencia* por suponer un efecto perjudicial a la menor, sin evidencia de prejuicio, pasión o parcialidad ni prueba de que la escuela propuesta por el apelante era mejor que la propuesta por ella.

Como asunto de umbral, entendemos pertinente señalar que la *Apelación* ante nos es el recurso apropiado para la impugnación de la *Resolución* en cuestión, toda vez que se trata de un dictamen emitido por el TPI sobre patria potestad o custodia, el cual modifica alguna determinación final previa. Ello, en virtud de la jurisprudencia, constituye propiamente una sentencia de la cual se puede apelar. Véase ***Cortés Pagán v. González Colón***, 184 DPR

807, 813-814 (2012); *Figueroa v. Del Rosario*, 147 DPR 121, 129 (1998).

Tras un análisis objetivo, sereno y cuidadoso del expediente, en especial de la Transcripción de la Prueba Oral (TPO) estipulada por las partes, en correcta práctica adjudicativa apelativa, resulta evidente que el TPI no incidió en el error señalado. La determinación apelada fue correcta en derecho. Los argumentos del apelante no nos motivan a variar la determinación del TPI, mientras que, por el contrario, la prueba desfilada confirma que la determinación del foro primario respondió al mejor interés de la menor.

Según se desprende del expediente, ante el foro primario desfiló prueba acerca de los amplios servicios e instalaciones que ofrece la escuela propuesta por la señora González Rodríguez, los cuales quedaron recogidos en la *Resolución* apelada y en la parte II de esta *Sentencia*. El foro primario entendió meritorio adjudicarles credibilidad a dichos testimonios, los cuales fueron vertidos por la parte apelada, la asistente de directores de la escuela y la Trabajadora Social adscrita al caso. En comparación, la prueba a favor de la escuela propuesta por el apelante careció de declaración alguna de los beneficios superiores de dicha institución, más allá del testimonio del señor Lugo Rivera. Es por ello que, frente a esta prueba, el TPI consideró creíble y le dio mayor peso a la evidencia vertida a favor de la escuela que propuso la parte apelada, en un ejercicio de valor probatorio y discreción. Resolvemos que no intervendremos con ello.

De igual manera, el apelante no adujo razón de peso para variar las determinaciones de hechos que el TPI realizó a base del testimonio oral. Dichas determinaciones no fueron claramente erróneas, sino que representaron el balance más racional, justiciero y jurídico de la totalidad de la prueba. Ausente prueba alguna de

que el foro primario procedió con prejuicio, parcialidad, error manifiesto o abuso de discreción, corresponde sostenerlas.

Cabe destacar que, contrario a los argumentos del señor Lugo Rivera, la Trabajadora Social adscrita al caso expresó que se podría considerar la escuela propuesta por este con la condición de que el apelante, quien estaba desempleado, fuera quien transportara a la menor a la escuela.

Por otra parte, el señor Lugo Rivera trajo a nuestra atención una *Sentencia* dictada por TPI el 5 de octubre de 2023 en la que le concedió la custodia compartida de la menor en semanas alternas a ambos padres. Según adujo el apelante, esta determinación debe afectar la *Apelación* ante esta Curia, especialmente debido a que el foro primario consignó en la *Resolución* apelada que, entre sus razones, se encontraba evitar afectar o interferir con la custodia monoparental ostentada por la señora González Rodríguez. No le asiste la razón. Independientemente del cambio en la custodia, la prueba desfilada ante el foro primario lo llevó a concluir de forma fundamentada que la escuela propuesta por la madre respondía al mejor bienestar e interés de la menor. Ese criterio no debe verse afectado por la determinación de custodia compartida.

A la luz de lo anterior, procede confirmar la determinación recurrida, toda vez que es correcta en derecho y el apelante no adujo argumentos ni presentó evidencia alguna para justificar la intervención de esta Curia.

**V.**

Por los fundamentos anteriores, se *confirma* la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones